CHITTENDEN,<br>*January,*<br>1841.

Day<br>*v.*<br>Essex Co.<br>Bank.

Judgment reversed and new trial granted.

## DAN DAY *v.* ESSEX COUNTY BANK.

### (*Practice.*)

Where an issue of fact is joined to the court, and the court, in the bill of exceptions, state the facts found by them, and conclude their judgment in the alternative, saying, that if the supreme court should be of the opinion that the plaintiff was entitled to recover the full sum claimed, then the defendant consents that a judgment shall be entered accordingly ; but, otherwise, for a less sum ;—Held, that the supreme court could not enforce such a rule, and this court declined hearing the case until the exceptions showed a judgment rendered for one of the parties.

THIS case came into this court on a bill of exceptions, signed by the judges of the county court and placed upon record, by which it appeared that the issue of fact, in that court, by agreement of the parties, was joined to the court. The court stated the facts found by them, and concluded their judgment in the alternative, saying, if the supreme should be of opinion the plaintiff was entitled to recover the full sum claimed, then the defendant consents such judgment shall be entered ; but, otherwise, for the lesser sum.

This court held they could not enforce any such rule, and therefore declined proceeding with the case, until the bill of exceptions should show an absolute judgment rendered by the county court for either one party or the other. A judgment in the alternative is not a judgment from which a writ of error will lie. The court said they had been more or less embarrass-

ed by rules of this character, entered by the consent of the parties, in the county court. Where a verdict was taken, subject to a rule of this kind, the most that could be made of it was, an offer to abide certain consequences hereafter. But this rule being in another court, we cannot enforce it, and in many instances, it would be unjust to do so. It would be far better that even jury trials, in the county court, should not be encumbered by any such prospective obligations, to be enforced in this court. If the decision of this court rendered all further litigation hopeless for either party, it was not to be presumed he would persist therein ; and if it were not hopeless, he ought to be permitted to determine whether he would avail himself of it, after the case had been fully discussed and determined. At all events, in a case like the present, where there was no absolute judgment rendered in the court below, it could not come here on exceptions.

The case was amended in the county court, and afterwards heard in this court.